IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 5:04-cr-23-MCR-GRJ

LAVAR RAMARO HILLS
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 256, Defendant's Motion for Resentencing Under 18 U.S.C § 3559(c)(7), which has been referred to the undersigned. The Government filed a response in opposition to the motion on September 21, 2012. Doc. 258. The Court allowed Defendant until December 5, 2012, to file a reply, but he has not done so. For the following reasons, the undersigned recommends that Defendant's motion be denied.

Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine powder, and was sentenced on October 20, 2004, to a 240-month minimum mandatory enhanced sentence. In the instant motion, Defendant contends that he should be resentenced because a prior state felony drug conviction is unconstitutional. For support, Defendant cites *Shelton v. Sec'y, Dep't of Corr.*, 802 F.Supp.2d 1289 (M.D. Fla. 2011), in which the court declared Florida's 2002 Drug Abuse Prevention and Control Act facially unconstitutional.

As the Government asserts, *Shelton* affords Defendant no relief. *Shelton* was reversed by the Eleventh Circuit on August 24, 2012. *See Shelton v. Sec'y, Dep't of Corr.,* 2012 WL 3641008 (unpublished) (11th Cir. 2012). Moreover, the state conviction

for which Defendant's sentence was enhanced occurred in March 1999, and therefore predated the 2002 Florida statutory modification that the Middle District found unconstitutional. *See* Doc. 36. The Florida Supreme Court also rejected the constitutionality argument asserted by Defendant in the instant motion. *State v. Adkins*, 96 So.3d 412 (Fla. 2012).

As the Government also points out, Defendant was indicted in this case in April 2004, and the state controlled-substance offense for which Defendant's sentence was enhanced occurred in March 1999. *See* Doc. 36 (notice of enhancement). Pursuant to 21 U.S.C § 851(e), " [n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." Accordingly, any challenge to the validity of the prior state conviction as a basis for enhancement is time-barred.

Moreover, the instant motion seeks resentencing pursuant to 18 U.S.C. §3559(c)(7), which provides for enhanced penalties for certain violent felons. However, Defendant in this case was sentenced pursuant to 21 U.S.C § § 841 and 851, and the resentencing provision of § 3559(c)(7) is therefore inapplicable. *See, e.g.*, *United States v. Sullivan*, 2005 WL 2090236 (11th Cir. 2005) (unpublished)[1] (section 3559(c)(7) relief denied to defendant whose sentence was not enhanced under that statute); *United States v. Harris*, 2010 WL 1856451 (N.D. Okla. 2010) (unpublished) (denying 3559(c)(7) relief to defendant receiving enhanced sentence under 21 U.S.C.

---

[1] Pursuant to 11th Cir. R. 36-2, unpublished decisions are not considered binding precedent, but are persuasive authority.

§§ 841 and 851).

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion for resentencing, Doc. 256, be **DENIED**.

**IN CHAMBERS** this 25th day of March 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**